UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| **HEIDI NASH, as Special Administrator for the Estate of Jodi Bartell,** | ) ) ) | CIV. 19-__5003__ |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| | ) | **COMPLAINT** |
| **SPEARFISH REGIONAL HOSPITAL a/k/a REGIONAL HEALTH NETWORK, INC.,** | ) ) ) ) | |
| Defendant. | ) ) ) | |

Plaintiff, Heidi Nash, as Special Administrator for the Estate of Jodi Bartell, by and through counsel of record, Heather Lammers Bogard, hereby states and alleges as follows:

**PARTIES/JURISDICTION**

1. Heidi Nash was the sister of Jodi Bartell, deceased, and is the appointed, acting and qualified Special Administrator of the Estate of Jodi Bartell.

2. Heidi Nash at all relevant times has been and is a resident of Belle Fourche, Butte County, South Dakota.

3. Defendant Spearfish Regional Hospital a/k/a Regional Health Network, Inc. is and was at all relevant times a South Dakota corporation.

4. Pursuant to 42 U.S.C. § 2000e-5(f), this Court has jurisdiction over this matter.

5. Venue is appropriate pursuant to 28 U.S.C. § 1391, because Plaintiff and Defendant are located in South Dakota and all of the events or omissions giving rise to the claims occurred in South Dakota.

**PROCEDURAL BACKGROUND**

6. Jodi Bartell initiated a charge of discrimination against Spearfish Regional Hospital

1

on August 14, 2017.

7. A Determination of No Probable Cause was issued by the State of South Dakota, Department of Labor & Regulation, Division of Human Rights, on July 18, 2018.

8. A Notice of Right to Sue was issued by the U.S. Equal Employment Opportunity Commission on October 10, 2018.

## GENERAL ALLEGATIONS

9. Jodi Bartell was employed by Spearfish Regional Hospital as a certified registered nurse anesthetist.

10. Jodi Bartell was diagnosed with metastatic breast cancer in January of 2005.

11. Jodi Bartell took leave pursuant to the Family Medical Leave Act, starting September 19, 2016.

12. On December 7, 2016, Jodi Bartell contacted her supervisor at Spearfish Regional Hospital, indicating her desire ultimately to return to work.

13. Upon expiration of her FMLA leave, Jodi Bartell was unable to return to work, but received donated personal paid leave hours from co-workers.

14. Jodi Bartell submitted leave of absence documentation on December 23, 2016, to Spearfish Regional Hospital.

15. On January 6, 2017, Jodi Bartell submitted to Spearfish Regional Hospital a Request for Disability Accommodation and a Medical Provider Inquiry Form.

16. Later, on February 2, 2017, Jodi Bartell submitted to Spearfish Regional Hospital a Return to Work form.

17. According to the Return to Work form, Jodi Bartell was determined to be fit to return to work in February of 2017, with limitations only for lifting, pushing, and pulling; part-time and no-call shifts.

18. Spearfish Regional Hospital refused to accommodate Jodi Bartell and terminated her employment February 16, 2017.

19. Spearfish Regional Hospital was reminded on March 1, 2017, that Jodi Bartell was also an RN and could work in that capacity.

20. Spearfish Regional Hospital provided no evidence to support that accommodating Jodi Bartell would have caused any undue hardship.

21. There was no discussion or dialogue between Spearfish Regional Hospital and Jodi Bartell relating to accommodation; rather, Jodi Bartell made the request and Spearfish Regional Hospital denied the request.

22. Likewise, there was no response from Spearfish Regional Hospital to Jodi Bartell's suggestion of transferring to a different position.

## COUNT I – DISCRIMINATION UNDER ADA

23. Plaintiff realleges and incorporates paragraphs 1 to 22 as though they were fully set forth herein.

24. Jodi Bartell suffered from metastatic breast cancer and was an individual with a disability within the meaning of 42 U.S.C. § 12102 and 29 C.F.R. § 1630.2.

25. Jodi Bartell demonstrated to Spearfish Regional Hospital that she was able to perform the functions of her position as a certified registered nurse anesthetist with accommodation.

26. Jodi Bartell suffered an adverse employment action, that is, she was terminated from her position.

27. Spearfish Regional Hospital's conduct as described in this Complaint constitutes discrimination based on disability in violation of Title I of the ADA, 42 U.S.C. § 12111 *et seq.,* and its implementing regulation, 29 C.F.R. § 1630, in the following

3

ways:

    a. By failing to provide reasonable accommodation to the known physical disability of Jodi Bartell, who was otherwise a qualified employee, when the accommodation would not impose an undue hardship on the operation of Spearfish Regional Hospital's business;

    b. By terminating Jodi Bartell from employment based on her disability.

28. As a result of her termination from employment, Jodi Bartell lost substantial income.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against Defendant as follows:

1. General, special and pecuniary damages to be proven at trial;
2. Any and all costs and disbursements incurred in this action, including attorney's fees;
3. Pre-and post-judgment interest; and
4. For such other relief as the Court may deem just and equitable under the circumstances.

Dated this 8th day of January, 2019.

                              **COSTELLO, PORTER, HILL, HEISTERKAMP, BUSHNELL & CARPENTER, LLP**

                              Heather Lammers Bogard
                              PO Box 290
                              Rapid City, SD  57709
                              605-343-2410
                              *Attorneys for Heidi Nash, Special Administrator*

**PLAINTIFF DEMANDS A TRIAL BY JURY**

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

19-5003

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HEIDI NASH, as Special Administrator for the Estate of Jodi Bartell

### DEFENDANTS
SPEARFISH REGIONAL HOSPITAL, a/k/a Regional Health Network Inc.

(b) County of Residence of First Listed Plaintiff   Butte County, SD
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Lawrence County, SD
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Heather Lammers Bogard, Costello Porter Law Firm
PO Box 290, Rapid City, SD  57709
605-343-2410

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*

Brief description of cause:
termination of employment based on disability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 1.8.19

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____